In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00103-CR
______________________________


TRAVIS ARP, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31614-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            An eight-year-old girl was helping her mother prepare the family's coffee shop to open for
business by sweeping the sidewalk in front of the shop in downtown Gladewater, Texas. Her mother
testified she noticed Travis Arp, first standing across the street from the shop, then walking across
the street toward the shop and passing within six feet of them, with his flaccid penis protruding
through his unzipped pants.


 After passing the pair, Arp reportedly turned his face back toward them
and smiled at the mother.
            A jury found Arp guilty of indecency with a child, as charged in the indictment. See Tex.
Pen. Code Ann. § 21.11(a)(2)(A) (Vernon 2003) (exposure of defendant's genitals, knowing child
younger than seventeen was present, with intent to arouse or gratify sexual desire). Though the
offense is generally a third-degree felony, see Tex. Pen. Code Ann. § 21.11(d) (Vernon 2003), the
State filed a pretrial "notice of intent to seek enhanced punishment," alleging facts that, if found to
be true, would increase the applicable punishment range. See Tex. Pen. Code Ann. §§ 12.42(c)(2);



12.42(d)


 (Vernon Supp. 2004–2005). During the trial on punishment, the jury found that Arp
previously, in cause number 23,748-A in the 188th Judicial District Court of Gregg County, Texas,
had been convicted of indecency with a child. Then, based on the jury's finding (and after dismissing
the jury), the trial court sentenced Arp to imprisonment for life.  
            On appeal, Arp raises two issues for our consideration. Arp first contends the trial court
abused its discretion by admitting evidence of an extraneous offense during the guilt/innocence phase
of the trial. He next contends the trial court erred by imposing a life sentence. 
            We affirm Arp's conviction but reverse Arp's life sentence and remand the case for a new
punishment hearing. We reach that result because we hold (1) admission of the extraneous offense
evidence was not error, but (2) the life sentence is not authorized by law.
(1) Admission of the Extraneous Offense Evidence Was Not Error
            In his first point of error, Arp advances two principal arguments that the trial court abused
its discretion by admitting evidence of a prior conviction during the trial on guilt/innocence:


 first,
that proper notice under Texas Rule of Evidence 404(b) was not given before the State offered
evidence of his prior conviction and, second, that the trial court failed to properly weigh the
probative value of the evidence with the danger of it unfairly prejudicing Arp's defense. We hold
(a) Rule 404(b) pretrial notice was not required of the State and (b) the trial court did not abuse its
discretion in ruling the probative value of the extraneous evidence outweighed its prejudicial effect.
            (a) Rule 404(b) Pretrial Notice Was Not Required
             Initially, Arp contends the admission of the prior conviction during guilt/innocence should
have been barred because the State failed to provide timely notice of its intent to introduce the
evidence during that phase of the trial. Arp's trial objection did not specifically reference the State's
failure to provide advance notice. See Tex. R. App. P. 33.1(a)(1)(A). Thus, this aspect of Arp's first
point of error was not preserved for appellate review. Moreover, Arp affirmatively waived error, if
any, by stating he had "No objection" when the State later offered the evidence for admission into
the record. See Mayfield v. State, 152 S.W.3d 829, 831 (Tex. App.—Texarkana 2005, pet. ref'd). 
Nevertheless, even had the alleged error been preserved, we do not conclude the trial court so erred.
Evidence of other crimes, wrongs or acts is not admissible to prove the character of
a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident, provided
that upon timely request by the accused in a criminal case, reasonable notice is given 
 
in advance of trial of intent to introduce in the State's case-in-chief such evidence
other than that arising in the same transaction.
 
Tex. R. Evid. 404(b) (emphasis added). The State filed a "Notice of Intent To Seek Enhanced
Punishment," which warned Arp the State intended to introduce evidence of his two prior felony
convictions during a punishment trial. But this notice did not suggest the State intended to introduce
such evidence during guilt/innocence. Nor are there any other documents in the record regarding the
State's intent to introduce evidence of "other crimes, wrongs, or acts" during its case-in-chief on
guilt/innocence. Thus, if Arp had timely requested advance notice of intent to offer the now-disputed  evidence,  the  State  should  have  provided  such  notice.  See  Jaubert  v.  State,  74
S.W.3d 1, 5 (Tex. Crim. App. 2002) (Cochran, J., concurring); Blackmon v. State, 80 S.W.2d 103,
107 (Tex. App.—Texarkana 2002, pet. ref'd). An open file policy is not sufficient to comply with
the advance notice requirement. Buchanan v. State, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995).
            The appellate record contains Arp's "Motion in Limine #1," which asks the trial court "to
exclude all extraneous crime or misconduct evidence, notice of which was requested by defendant,
but not provided by the state as required by Rules 404(b) and 609(f) of the Texas Rules of Evidence
and 37.07 of the Texas Code of Criminal Procedure." (Emphasis added.) Before trial, the State and
Arp signed an agreed order regarding pretrial motions, which, in part, showed the State agreed to
abide by Arp's "Motion in Limine #1." The record does not, however, contain any evidence (such
as a letter from Arp's trial counsel addressed to the State) showing Arp actually served the State with
a self-executing request for advance notice of the State's intent to introduce any extraneous offenses
during guilt/innocence. Without such evidence that the State had actually been served with a self-executing request for advance notice, we may not presume Arp had sought such notice from the
State. See, e.g., Webber v. State, 21 S.W.3d 726, 731 (Tex. App.—Austin 2000, pet. ref'd) (appellant
failed to admit into evidence self-executing 404(b) letter at trial court level; thus, record did not
support appellate issue of lack of notice regarding admission of extraneous offenses at punishment
trial); see also Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998); Mitchell v. State, 982
S.W.2d 425, 426–27 (Tex. Crim. App. 1998); Espinosa v. State, 853 S.W.2d 36, 39 (Tex. Crim.
App. 1993). Accordingly, we cannot say the trial court erred by admitting evidence of any
extraneous offense during guilt/innocence when the record before us does not show advance notice
was required under the rules—unless the probative value of the disputed evidence is substantially
outweighed by its unfair prejudice. See Tex. R. Evid. 403; Allen v. State, 108 S.W.3d 281, 284
(Tex. Crim. App. 2003). We therefore turn to whether the trial court properly applied the Rule 403
balancing test.
(b) The Trial Court Did Not Abuse Its Discretion in Ruling the Probative Value of the
Extraneous Evidence Outweighed Its Prejudicial Effect
            We review a trial court's decision to admit or exclude evidence under an abuse of discretion
standard. Osbourn v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Randon v. State, 107
S.W.3d 646, 651 (Tex. App.—Texarkana 2003, no pet.). As long as the trial court's ruling is "'within
the zone of reasonable disagreement,' there is no abuse of discretion, and we must uphold the trial
court's ruling." Mares v. State, 52 S.W.3d 886, 890 (Tex. App.—San Antonio 2001, pet. ref'd).
            The Texas Rules of Evidence provide for the exclusion of evidence that might otherwise be
admissible. For example, the trial court may exclude evidence "if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues . . . ." Tex. R. Evid. 403. 
Evidence of other crimes committed by the accused is often inadmissible, depending on the
circumstances of the proffer. See e.g., Robles v. State, 85 S.W.3d 211, 212–13 (Tex. Crim. App.
2002) (unfair prejudice substantially outweighs probative value of extraneous DWI convictions in
felony DWI case where accused stipulated to jurisdictional priors). But 
[w]hile evidence of an extraneous sexual offense will always carry emotional weight
and the danger of impressing the jury in an irrational and indelible way, our rules of
evidence require the exclusion of relevant evidence only if the danger of unfair
prejudice, delay, or needless repetition substantially outweighs the probative value.
 
Wheeler v. State, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002).
            In this case, the State offered the disputed evidence to rebut the defense's theory that Arp
merely forgot to zip his pants after leaving the restroom. During voir dire, Arp's counsel said,
Ladies and gentlemen, it's not uncommon for a man for example, to accidentally
leave his fly open. Years ago I was a prosecutor in Amarillo, but I was a prosecutor
a long time before Mr. Larison was, many years ago. I was about ready to pick a jury
and  I  was  walking  to  the  restrooms.  My  pants  were  unzipped.  I  thought,  oh
my . . . .
 
In his opening statement to the jury, Arp's counsel stated, 
I think the evidence will show that my client was in the downtown area of
Gladewater, [Texas, and] went to a public restroom. You will hopefully see a picture
of what that looks like in this particular area. Went to a public restroom. He walked
across the street. At the street there is a café, 99 South Main. He walked across over
toward that way. He had forgotten to zip his pants up. He's saying that at this point
he walks away. He did not have his — he did not expose his penis to anybody.
 
            . . . . 
 
[This is] a pretty simple case. I think the evidence will show that [Arp] had no intent
to gratify his sexual desire in this case because it simply did not happen. The
witnesses are mistaken, and that's about all I have. 
 
            Arp's defensive strategy was clearly to characterize the incident as an accident or mistake. 
In this case, the disputed evidence tends to make a fact of consequence—whether Arp had or lacked
intent to arouse or gratify someone's sexual desire—more or less probable. Cf. Grider v. State, 69
S.W.3d 681, 688 (Tex. App.—Texarkana 2002, no pet.). Accordingly, we cannot say the trial court
erred by holding the evidence's probative value was not substantially outweighed by any unfair
prejudice. We overrule Arp's first point of error.
(2) The Life Sentence Is Not Authorized by Law
            In his second point of error, Arp contends the trial court erred by imposing a mandatory life
sentence pursuant to Section 12.42 of the Texas Penal Code. Our law prescribes mandatory life
sentences for certain repeat and habitual felony offenders, including those (A) who have been
convicted of aggravated sexual assault,


 aggravated kidnapping ("if the defendant committed the
offense with intent to violate or abuse the victim sexually"),


 or burglary (if the accused entered the
habitation with intent to commit, or attempted to commit, a felony other than felony theft, indecency
with a child, or sexual assault),


 and (B) who have been previously convicted of sexual performance
by a child,


 possession or promotion of child pornography,


 certain felony obscenity offenses,



indecency with a child,


 sexual assault,


 aggravated sexual assault,


 certain other sexual offenses,



aggravated kidnapping ("with intent to violate or abuse the victim sexually"),


 or burglary (if the
accused entered the habitation with intent to commit, or attempted to commit, a felony other than
felony theft, indecency with a child, or sexual assault),


 or who have been convicted of similar
offenses under the laws of another state. See Tex. Pen. Code Ann. § 12.42(c)(2). A mandatory life
sentence is not, however, authorized for a conviction for indecency with a child by exposure
enhanced by an earlier conviction for indecency with a child by exposure.
            Arp did not object to the trial court's imposition of a "mandatory" life sentence. 
Nevertheless, a challenge to a void sentence may be raised at any time. Levy v. State, 818 S.W.2d
801, 802 (Tex. Crim. App. 1991). A sentence not authorized by law is void. Heath v. State, 817
S.W.2d 335, 339 (Tex. Crim. App. 1991), overruled in part on other grounds, Ex parte Williams,
65 S.W.3d 656 (Tex. Crim. App. 2001). The State properly concedes Arp's sentence is outside the
applicable punishment range, even after factoring into consideration the potential enhancement
options. We sustain Arp's second point of error.
            When a defendant receives a void sentence, the proper remedy is to vacate the erroneous
sentence and remand the case to the trial court for a new punishment hearing. Scott v. State, 988
S.W.2d 947 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Accordingly, though we affirm Arp's 
conviction, we vacate the sentence portion of the trial court's judgment and remand the case for a
new trial on punishment within a second-degree felony range of punishment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 23, 2005
Date Decided:             June 15, 2005

Do Not Publish