Affirmed and Memorandum Opinion
filed June 22, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00154-CR

NO. 14-09-00155-CR



 

Jason Wintley
Bhola, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause Nos. 1184674 & 1144919  



 

M E M O R A N D U M    O P I N I O N


In two separate indictments, appellant, Jason Wintley
Bhola, was charged with possession of methamphetamine and possession of cocaine
with the intent to deliver.  Appellant was later convicted by a jury on each
indictment; he was sentenced to two years in prison for the possession of
methamphetamine conviction and 20 years for the possession with the intent to
deliver cocaine conviction.  In three issues, appellant challenges the trial
court’s denial of his motion to suppress and the legal and factual sufficiency
of the evidence to support his convictions.  We affirm.

I.  BACKGROUND

On December 8, 2007, Officers Ivan Ulloa and S.R.
Matus of the Houston Police Department were traveling southbound on Gessner
Road in Houston when they observed appellant make an improper u-turn, nearly
causing an automobile accident, at the Gessner Road-Bellaire Boulevard
intersection.  Although appellant denied making an improper u-turn at the
intersection, Officer Ulloa testified that he observed appellant, who was traveling
northbound on Gessner, make a “wide u-turn.”  Officer Ulloa testified that
appellant crossed three lanes of traffic when making the u-turn, turning into
the far right-hand lane southbound on Gessner rather than the far left-hand
lane.  Officer Matus also testified that when appellant failed to yield the
right of way to oncoming traffic, other drivers were forced to immediately
apply their brakes and barely avoided collisions with nearby vehicles.  Concluding
that appellant’s “wide u-turn” was a traffic violation, the officers activated
their emergency lights and initiated a traffic stop.[1]

When the officers stopped the vehicle, they observed
two occupants:  appellant was driving and his cousin, Craig Dowden, was sitting
in the front passenger’s seat.  As the officers approached the vehicle, they smelled
a “strong odor” of marijuana.   The odor of marijuana raised the officers’ suspension
that either appellant or Dowden was in possession of marijuana.  Accordingly,
the officers asked appellant and Dowden to exit the vehicle, and the two men
were detained on suspicion of marijuana possession.  Officer Ulloa then searched
the vehicle and discovered: (1) a gun in the glove compartment, (2) cocaine and
methamphetamine in a soda can, (3) drug paraphernalia in a black vinyl bag, and
(4) mannitol (a drug dilutant).  The drug-filled soda can was discovered in the
driver’s cup holder, and the black bag containing drug paraphernalia—a small
digital scale, plastic wrapped steel spoons with white residue, and small
plastic bags—was found in a small gap between the driver’s seat and the middle
console.  

The officers then questioned appellant and Dowden,
without Miranda warnings, about the gun, drugs, and drug paraphernalia. 
Appellant claimed responsibility for the gun and drugs.  Appellant told Officer
Matus, “I am not going to lie.  The dope and gun [are] mine.”  Officer Matus
then proceeded to recount appellant’s admission to Officer Ulloa.  As Officer
Matus began closing the unit door and walking away, appellant explained that he
was selling drugs to acquire additional money for the Christmas holiday and had
the gun for protection.  Officer Matus shut the door and walked away.  Dowden
was released, and appellant was arrested for possession of the cocaine and
methamphetamine.  

In two separate indictments, appellant was charged
with possession of methamphetamine and possession of cocaine with the intent to
deliver.  He pleaded not guilty to both indictments.  Prior to trial, appellant
filed a motion to suppress the physical evidence seized during the search—the
gun, drugs, and drug paraphernalia—and his statements claiming ownership of the
gun and drugs.  The trial court denied the motion in part and granted the
motion in part.  Specifically, the trial court granted appellant’s request to
suppress the statement, “I am not going to lie.  The dope and gun [are] mine.” 
However, the trial court denied appellant’s request to suppress the gun, drugs,
drug paraphernalia, and his statements that he was selling illegal drugs to
make money for the holidays and was carrying the gun for protection.

After a jury trial, appellant was convicted on each
indictment.  He was sentenced to two years in prison for the possession of
methamphetamine conviction and 20 years for the possession with the intent to
deliver cocaine conviction, both sentences to run concurrently.  Appellant
raises three issues on appeal: (1) the trial court erred in denying his motion
to suppress; (2) the evidence is legally insufficient to support his
convictions; and (3) the evidence is factually insufficient to support his
convictions.  

II.  MOTION TO SUPPRESS

In appellant’s first issue, he challenges the trial
court’s partial denial of his motion to suppress.  We review a trial court’s
denial of a motion to suppress for an abuse of discretion.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999); State v. Vasquez, 230 S.W.3d
744, 747 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  An abuse of
discretion occurs when the trial court’s decision is so clearly wrong as to lie
outside the zone of reasonable disagreement.  Powell v. State, 63 S.W.3d
435, 438 (Tex. Crim. App. 2001).  

We review the evidence in the light most favorable to
the trial court’s ruling.  Gutierrez v. State, 221 S.W.3d 680, 687 (Tex.
Crim. App. 2007).  The trial court is the exclusive factfinder and judge of the
credibility of the witnesses.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); Turner v. State, 252 S.W.3d 571, 576 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).  We afford almost total deference
to the trial court’s determination of historical facts supported by the record,
especially when the trial court’s findings are based on an evaluation of
credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  We afford the same amount of deference to the trial court’s
ruling on mixed questions of law and fact if the resolution of these questions
turns on an evaluation of credibility and demeanor.  Id.  We review
questions not turning on credibility and demeanor de novo.  Id. 
Furthermore, if the trial court’s decision is correct under any theory of law
applicable to the case, the decision will be sustained.  Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  

Here, appellant contends that the trial court
erroneously denied his motion to suppress because the traffic stop, prompting
the vehicle search, was improper.  The State responds by arguing appellant has
waived error regarding the admissibility of the physical evidence—the gun and
contraband.  Specifically, the State argues that appellant waived error
regarding the admissibility of the gun because he made no objection upon its
admission at trial.  The State further contends that appellant waived error
regarding the contraband because his objection to this particular evidence was
not specific.  

Although appellant initially preserved error through
the trial court’s ruling on his motion to suppress, appellant later waived
error regarding the admissibility of the gun when the State offered the gun
into evidence at trial.  When the State offered the gun into evidence and
tendered it to defense counsel for any objection, defense counsel made the
following objection:  

Defense Counsel:  Judge, I had a court order to
inspect the weapon and I have not been able to inspect the weapon.

Trial Court:  If you want to take a look at it, go
ahead.

Defense Counsel:  For other than that, any other
objections, I have no objections.

The only objection preserved by appellant was that he
did not have an opportunity to inspect the gun after a court order was signed
authorizing inspection.  See Holmes v. State, 248 S.W.3d 194, 200 (Tex.
Crim. App. 2008) (concluding that appellant “waived any claim on appeal that
trial court erred in admitting . . . evidence” where he stated “no objection”
at the time “the State offered that evidence”); Mayfield v. State, 152
S.W.3d 829, 831 (Tex. App.—Texarkana 2005, pet. ref’d) (“[W]hen the defendant
affirmatively asserts during trial that he . . . has ‘no objection’ to the
admission of the complained-of evidence, he  . . . waives any error in the
admission of the evidence despite [a] pretrial ruling [on his suppression
motion].”); see also Lacaze v. State, No. 14-00-00805-CR, 2002 WL 87285,
at *2 (Tex. App.—Houston [14th Dist.] Jan. 24, 2002, no pet.) (not designated
for publication) (concluding that appellant, by stating “subject to the
objections . . . I made earlier[,] . . . I have no objection,” appellant
preserved error on only that particular earlier objection).  Appellant,
however, does not make the same inspection argument on appeal; instead,
appellant now argues that the gun was not admissible because the traffic stop
was improper.  Because the only argument preserved by appellant does not
comport with his appellate argument, appellant has waived error regarding the
gun’s admissibility.  See Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002) (“[T]he point of error on appeal must comport with the
objection made at trial.”); Prince v. State, 192 S.W.3d 49, 58 (Tex.
App.—Houston [14th Dist.] 2006, pet. ref’d) (“Because appellant’s issue on
appeal does not comport with the objection made at trial, he has waived
error.”).  Even if appellant had preserved error with respect to the gun, as
discussed below, the trial court did not abuse its discretion in admitting this
evidence because the traffic stop was proper.   

Notwithstanding, appellant preserved error regarding
the contraband.  When the contraband was admitted at trial, appellant stated, “Subject
to the previous objections, no objections.”  Because we interpret
appellant’s “previous objections” to include his motion to suppress, we
conclude that appellant did not abandon his motion to suppress with respect to
the contraband.  See Hardcastle v. State, Nos. 05-01-01009-CR,
05-01-01010-CR, 05-01-01011-CR, 05-01-01012-CR, 2002 WL 31165160, at *2, n.2
(Tex. App.—Dallas Oct. 1, 2002, pet. ref’d) (not designated for publication). 

Turning to the admissibility of the evidence,
appellant contends that the suppression motion should have been granted because
he did not commit a traffic violation warranting the traffic stop that led to
the physical evidence and his incriminating statements.  An officer who
observes a traffic violation may lawfully stop a motorist.  Carmouche v.
State, 10 S.W.3d 323, 328–29 (Tex. Crim. App. 2000).  Section 545.101 of
the Texas Transportation Code requires a motorist making a left turn at an
intersection to turn in the “extreme left-hand lane lawfully available to a
vehicle moving in the direction of the vehicle.”  Tex. Transp. Code Ann. §
545.101 (Vernon 1999).  Accordingly, a driver commits a traffic violation by
failing to complete a left turn in the far left-hand lane.  See id. 
Here, both officers testified that they observed the vehicle driven by
appellant make an unsafe u-turn on Gessner Road.  Officer Ulloa observed
appellant make a “wide u-turn”; he crossed three lanes of traffic when making
the u-turn, turning into the far right-hand lane southbound on Gessner Road
rather than the far left-hand lane.  Officer Ulloa believed appellant’s driving
pattern to be in violation of section 545.101 of the Texas Transportation
Code.  Furthermore, Officer Matus testified that appellant failed to yield the
right of way to oncoming traffic traveling southbound on Gessner Road; oncoming
drivers were forced immediately to apply their brakes, barely avoiding
collisions with nearby vehicles.  

While appellant argues that he complied with section
545.101 because the closest lane available was the far right-hand lane, the
conflict between his testimony and the officers’ testimony does not require
reversal.  In a suppression hearing, the trial court is the sole trier of fact,
as well as the judge of the credibility of the witnesses and the weight to be
given to their testimony.  State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  The record supports an implied finding by the trial court
that appellant committed a traffic violation, and such traffic violation
provided a lawful basis for the traffic stop.  Accordingly, the trial court did
not abuse its discretion by admitting the gun, contraband, and statements.  We
overrule appellant’s first issue.[2]


III.  SUFFICIENCY OF THE EVIDENCE

            In
appellant’s second and third issues, he challenges the legal and factual
sufficiency of the evidence.  In
a legal sufficiency review, we view all the evidence in the light most
favorable to the verdict and determine whether a rational jury could have found
the defendant guilty of all the elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Williams v. State,
270 S.W.3d 140, 142 (Tex. Crim. App. 2008).  The jury is the exclusive judge of
the credibility of witnesses and of the weight to be given to their testimony. 
Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). 
Reconciliation of conflicts in the evidence is within the exclusive province of
the jury.  Cleburn v. State, 138 S.W.3d 542, 544 (Tex. App.—Houston
[14th Dist.] 2004, pet. ref’d).   We must resolve any inconsistencies in the
testimony in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).

            In
a factual sufficiency review, we review all the evidence in a neutral light,
favoring neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask (1) whether the evidence supporting the conviction,
although legally sufficient, is nevertheless so weak that the jury’s verdict
seems clearly wrong and manifestly unjust, or (2) whether, considering the
conflicting evidence, the jury’s verdict is against the great weight and
preponderance of the evidence.  Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006); Watson, 204 S.W.3d at 414–17.  We cannot declare
that a conflict in the evidence justifies a new trial simply because we
disagree with the jury’s resolution of that conflict.  Watson, 204
S.W.3d at 417.  If an appellate court determines that the evidence is factually
insufficient, it must explain in exactly what way it perceives the conflicting
evidence greatly to preponderate against conviction.  Id. at 414–17; Rivera-Reyes
v. State, 252 S.W.3d 781, 784 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  The reviewing court’s evaluation should not intrude upon the fact-finder’s
role as the sole judge of the weight and credibility given to any witness’s
testimony.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

A person commits possession of a controlled substance
if he knowingly or intentionally possesses the controlled substance—in this
case methamphetamine—in an amount greater than one gram but less than four
grams.  See Tex. Health & Safety Code Ann. §§ 481.102(6), 481.116(c)
(Vernon 2003).  The State must show that the accused (1) exercised care,
custody, control, or management over the contraband and (2) knew the matter
possessed was contraband.  Poindexter v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005); Pena v. State, 251 S.W.3d 601, 606 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d); see also Tex. Health & Safety Code
Ann. § 481.002(38).  For the offense possession of cocaine with intent to
deliver, the State was required to prove that appellant: (1) exercised care,
custody, control, or management over the controlled substance; (2) intended to
deliver the controlled substance to another; and (3) knew the substance in his
possession was a controlled substance.  See Tex. Health & Safety
Code Ann. §§ 481.002(38), 481.112(a), (f).  These elements may be proven by
circumstantial evidence. Poindexter, 153 S.W.3d at 405–06; Moreno v.
State, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d).   

When, as here, the accused in not in exclusive
possession of a place where the controlled substance is found, the State must
affirmatively link the accused to the contraband. See Evans v. State,
202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); Poindexter, 153 S.W.3d at
406. The following factors are evidence of affirmative links between a
defendant and contraband: (1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) how close and
accessible the drugs were to the defendant; (4) whether the defendant was under
the influence of narcotics when arrested; (5) the defendant’s possession of
other contraband or narcotics when arrested; (6) any incriminating statements
the defendant made when arrested; (7) whether the defendant made furtive
gestures or attempted to flee; (8) an odor of contraband; (9) the presence of
drug paraphernalia; (10) the defendant’s ownership or right to possess the place
where the drugs were found; (11) whether the place where the drugs were found
was enclosed; (12) the defendant’s possession of a large amount of cash; (13)
the presence of a large quantity of contraband; and (14) any conduct by the
defendant indicating a consciousness of guilt.  See Olivarez v. State,
171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Notwithstanding
the preceding laundry list of possible links, there is no set formula of facts necessary
to a finding of an inference of knowing possession.  Hyett v. State, 58
S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). Affirmative
links are established by the totality of the circumstances.  Id.

Although appellant identifies a few affirmative links
not present in this case, many exist in this record, sufficiently linking
appellant to the methamphetamine and cocaine.  The contraband was conveniently
accessible to appellant, located in the driver’s cup holder.  Drug
paraphernalia was present and in close proximity to appellant: it was found in
a gap between the driver’s seat and the middle console.  There was a strong
odor of marijuana in the vehicle, and at some point during the traffic stop,
appellant admitted that he had smoked marijuana earlier in the day.  More compelling,
appellant told the officers that he had been selling drugs to earn money for
the holidays and was carrying a gun for protection.  Although the State’s
evidence is disputed by appellant, a decision is not manifestly unjust merely
because the trier of fact resolved conflicting views of the evidence in favor
of the State.  See Cuong Quoc Ly v. State, 273 S.W.3d 778, 783 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).  The jury presumably weighed all
the evidence, made credibility assessments, considered alternative
explanations, and concluded that appellant knowingly possessed the contraband. 
We conclude that the evidence is legally and factually sufficient to support
the jury’s possession of methamphetamine conviction.

Furthermore, there is sufficient evidence to support
the jury’s possession with the intent to deliver conviction.  Officer Matus
testified that appellant admitted to selling drugs to make money for the
Christmas holiday, and that the amount of contraband seized was consistent with
distribution.  See Moreno, 195 S.W.3d at 326 (“Expert testimony by
experienced law enforcement officers may be used to establish an accused’s
intent to deliver”).  Additionally, the officers recovered a digital scale,
steel spoons with white residue, small plastic sandwich bags, and mannitol, all
of which the State proved were in appellant’s possession.  Officer Ulloa
testified that the digital scale and spoons were most likely used to measure
contraband.  He further testified that mannitol is used to increase the volume
of an illegal narcotic.  We conclude that the evidence is legally and factually
sufficient to support the jury’s possession of cocaine with the intent to
deliver conviction.  We overrule appellant’s second and third issues.   

Having overruled all of appellant’s issues, we affirm
the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 









[1]
Section 545.101 of the Texas Transportation Code requires a motorist making a
left turn at an intersection to turn in the “extreme left-hand lane lawfully
available to a vehicle moving in the direction of the vehicle.”  Tex. Transp.
Code Ann. § 545.101 (Vernon 1999).  





[2]
Appellant also challenges the admissibility of his incriminating statements
under his sufficiency points.  Relying on Leday v. State and Simmons
v. United States, appellant claims that he was “impelled” to testify at
trial to challenge the search and that such “impelled” testimony should not
have been used against him at trial.  983 S.W.2d 713 (Tex. Crim. App. 1998);
390 U.S. 377 (1968).  Appellant’s reliance on Leday and Simmons
is wholly misplaced.  These cases hold that an accused’s suppression hearing
testimony should not be admitted at trial and used against the accused.  While
appellant in this case testified at the suppression hearing and at trial,
appellant cites no portion of the record reflecting that his suppression
hearing testimony was admitted at trial and used against him.  Appellant has
not supported his argument.  See Tex. R. App. P. 38.1(i).