Coy Eugene CLEBURN, Appellant

v.

The STATE of Texas, Appellee.

No. 14–03–00408–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 2004.

Lonnie Knowles, Winston E. Cochran, Jr., for appellant.

Scott A. Durfee, Houston, for appellee.

Panel consists of Justices ANDERSON and HUDSON and Senior Justice DRAUGHN.*

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

A jury found appellant Coy Eugene Cleburn guilty of recklessly causing bodily injury to a child younger than fifteen years of age, and answered affirmatively a special issue that he used a motor vehicle as a deadly weapon. The trial court assessed punishment at four years' confinement in the Texas Department of Criminal Justice, Institutional Division. In two issues, appellant argues (1) the evidence is legally insufficient to sustain the conviction, and (2) it is unconstitutional to permit a deadly weapon finding for a motor vehicle unless

* Senior Justice Joe L. Draughn sitting by assignment.

the vehicle was purposefully used as a weapon against a person. We affirm.

Tammy George drove a neighbor to a labor hall so that he could pick up his paycheck. Her 18–month old son, Kobae, was in his car seat in the backseat of her vehicle, a two-door Toyota Tercel. George's boyfriend was in the front seat. While she waited for her neighbor, George parked her car in what she thought was a back parking lot for the labor hall. Appellant approached George's car and, while standing approximately five feet from it, informed her that she was on the private property of his business and asked her to move her vehicle. George complied and moved her car to a different area in the parking lot. At that point, she let Kobae out of his car seat so that he could play in the backseat and turned off the engine. Appellant approached her again and told her that she was still on his private property. George testified that Kobae was standing up on the backseat of her car playing. Appellant asked her to move her car to a different location, and when she refused, he said he was going to move her car. Appellant walked to his pick-up truck, a Ford F–250, and backed it up. When George realized that appellant was going to hit her vehicle, she jumped out of her vehicle to ask him to stop. Her boyfriend also got out of the car. While they were out of the car, appellant hit George's car, and moved it forward until it came to rest against a trash dumpster. Appellant's truck caused a dent in George's rear bumper. Upon impact, Kobae was thrown from the backseat through the open driver-side door, and he slid across the gravel parking lot and came to a stop near the front wheel of George's car. He was taken by ambulance to an emergency room to be examined. He had some bruises and scratches. At trial, Officer Gary M. White of the Pasadena Police Department, who examined the scene of the accident on the date in question, testified that, although it was hard to tell, what looked like an armrest of a car seat on the right passenger side of the backseat was visible in a photograph he took on the date of the accident.

In his first issue, appellant contends the evidence is legally insufficient to sustain his conviction of reckless injury to a child. *See* Tex. Pen.Code Ann. § 22.04(a) (Vernon 2003). In conducting a legal sufficiency review, a reviewing court does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rather, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Id.*; *Cardenas v. State*, 30 S.W.3d 384, 389 (Tex.Crim.App.2000). The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim.App.1998). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Id.* A jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986). The reviewing court will examine the entire body of evidence; if any evidence establishes guilt beyond a reasonable doubt, and the fact-finder believes that evidence, the appellate court may not reverse the fact-finder's verdict on grounds of legal insufficiency. *See Jackson*, 443 U.S. at 307, 99 S.Ct. 2781. The standard of review is the same whether the evidence is direct, circumstantial, or both. *See Kutzner v. State*, 994 S.W.2d 180, 184 (Tex.Crim.App.1999).

Appellant does not dispute that he used his truck to move George's car. Rather, he claims, as he did at trial, he did not see

a car seat in George's vehicle and did not know Kobae was in the car. Appellant argues there is no evidence that he was aware that a child was in the car, and because the offense of injury to a child is a "result-oriented" offense, the State did not present any evidence of his *mens rea*, or culpable mental state, with respect to the alleged result (*i.e.*, that he acted recklessly as to the result-oriented offense of injury to a child, Kobae).

■■■ Injury to a child is a result-oriented or "'result of conduct'" crime. *See Patterson v. State*, 46 S.W.3d 294, 301 (Tex.App.-Fort Worth 2001, no pet.). In other words, the culpable mental state relates not to the nature of or circumstances surrounding the charged conduct, but to the result of the conduct. *Id.; see also Alvarado v. State*, 704 S.W.2d 36, 38 (Tex. Crim.App.1985); *Banks v. State*, 819 S.W.2d 676, 678 (Tex.App.-San Antonio 1991, no pet.). Here, appellant was found guilty of reckless bodily injury to a child. A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *See* TEX. PEN. CODE ANN. § 6.03(c) (Vernon 1994). The risk must be of such nature and degree that the disregard of that risk constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* Reckless conduct involves conscious risk creation—that

is, the actor was aware of the risk surrounding his conduct or the result of his conduct, but consciously disregarded that risk. *See Montoya v. State*, 744 S.W.2d 15, 29 (Tex.Crim.App.1987); *Lewis v. State*, 529 S.W.2d 550, 553 (Tex.Crim.App. 1975). "A person is criminally responsible for the result of conduct if the result would not have occurred 'but for' the actor's conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *Patterson*, 46 S.W.3d at 302 (citing TEX. PEN.CODE ANN. § 6.04(a) (Vernon 1994) and *Umoja v. State*, 965 S.W.2d 3, 8–9 (Tex.App.-Fort Worth 1997, no pet.)).

■■■ In the instant case, taking all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found appellant to have been aware of, but have consciously disregarded, the substantial risk that using his vehicle, a large pickup truck, to move George's small Toyota Tercel with a visible car seat and two adult occupants would result in bodily injury to anyone in George's vehicle, including a child. Accordingly, we overrule appellant's first issue.[1]

■■■ In his second issue, appellant argues that section 1.07 of the Penal Code is unconstitutional as applied and void for vagueness. *See* TEX. PEN.CODE ANN. § 1.07(a)(17)(B) (Vernon 1994) (defining

---

1. In *Whitmire v. State,* the Eastland court of appeals held the evidence was legally insufficient to support a conviction for reckless bodily injury to a child because the injured child was not riding in the appellant's vehicle and there was no proof the appellant "was 'aware of ... a substantial and unjustifiable risk' that a child who was riding in another car would lose his eye and receive massive injuries which required extensive plastic surgery." 913 S.W.2d 738, 740 (Tex.App.-Eastland 1996), *pet. granted, appeal abated by* 943 S.W.2d 894 (Tex.Crim.App.1997). The court further explained "[w]hile appellant's mental state would have been reckless as to any child riding in his car, we cannot hold that his culpable mental state was reckless as to a child of which appellant was unaware." *Id.* To the extent *Whitmire* suggests we should reach a different result in this case, we decline to follow *Whitmire*.

"deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"). However, to preserve a complaint for appellate review, a party must make a timely request, objection or motion with sufficient specificity to apprise the trial court of the complaint. *See* TEX.R.APP. P. 33.1(a). Even constitutional complaints may be waived by failure to timely raise an objection in the trial court. *See Wright v. State*, 28 S.W.3d 526, 536 (Tex.Crim.App. 2000). A complaint that a statute is unconstitutional as applied because of vagueness must be raised in the trial court in order to preserve error. *Spradley v. State*, Nos. 14–02–00266–CR, 14–02–00267–CR, 14–02–00268–CR, 2003 WL 21282468, at *2 (Tex.App.-Houston [14th Dist.] June 5, 2003, no pet.) (not designated for publication). Appellant failed to raise this issue in the trial court. Accordingly, we overrule appellant's second issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.