Affirmed and Memorandum Opinion filed December 14, 2004









Affirmed
and Memorandum Opinion filed December 14, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00906-CR

NO. 14-03-00907-CR

_______________

 

JORGE ANDRES GARCIA,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 933,061 &
936,812

________________________________________________

 

M
E M O R A N D U M   O P I N I O N

Appellant
Jorge Andres Garcia was arrested and charged with two counts of aggravated
sexual assault of a child.  A jury
convicted him on both counts, assessing punishment at five years= confinement in the Institutional
Division of the Texas Department of Criminal Justice on the first count and ten
years= community supervision on the second
count.  In two issues, appellant argues
the evidence is factually insufficient to support his convictions and that his
trial counsel was ineffective.  We
affirm.








I.  Factual and Procedural Background

The
complainant in this sexual assault case is appellant=s daughter.  She and her brother spent the night with
appellant at his home in late March 2001. 
The children and their father all slept in the same bed.  During the night, appellant sexually
assaulted his then six-year-old daughter by penetrating her vagina and anus
with his penis and by placing his mouth on her vagina.  Appellant=s son witnessed the assault and,
after he relayed his observations to his mother, she questioned complainant
about the assault.  The complainant told
her mother that appellant took off her clothes and stuck his Athing@ inside her.  Appellant was charged with two counts of
aggravated sexual assault, one count for penetrating his daughter=s vagina with his penis and a second
count for placing his mouth on her vagina. 
A jury convicted appellant on both counts and this appeal ensued.

II.  Discussion

Appellant
challenges the factual sufficiency of the evidence supporting his convictions
and claims that he received ineffective assistance of counsel because his
attorney failed to call an expert witness regarding the suggestibility of child
witnesses in sexual assault cases.

A.        Sufficiency of the
Evidence

1.         Standard of Review

In
a factual sufficiency review, we examine the evidence in a neutral light and
set aside the verdict only if (1) the evidence supporting the verdict, when
considered by itself, is so weak that it cannot support the verdict of guilt
beyond a reasonable doubt, or (2) the contrary evidence is so strong that the
State=s burden of proof beyond a reasonable
doubt could not have been met.  Zuniga
v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  However, our factual sufficiency review must
be appropriately deferential to avoid substituting our judgment for that of the
fact finder.  Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). 
The standard of review does not change whether the evidence is direct or
circumstantial.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 








2.         Analysis

Appellant
was convicted under Texas Penal Code section 22.021.  Tex. Pen. Code Ann.
' 22.021 (Vernon 2004).[1]  In his factual insufficiency argument,
appellant primarily challenges the credibility of the State=s witnesses and argues that the jury
disregarded the testimony of defense witnesses. 
Thus, we begin by noting that the jury is the ultimate arbiter of facts,
and it alone determines the weight and credibility to be given witness
testimony. Cleburn v. State, 138 S.W.3d 542, 544 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  The jury is free to believe or
disbelieve any portion of the witnesses= testimony.  Sharp, 707 S.W.2d at 614.  

At
trial, appellant=s daughter testified that on the night of the assault, she
and her brother slept in the same bed as their father.  She stated that sometime during the night her
father awakened her and, after undressing her, he got on top of her and
penetrated her vagina with his penis. 
According to the complainant=s testimony, her father then turned
her over and penetrated her anus with his penis.  She also stated that after turning her over
again, her father placed his mouth on her vagina.








The
complainant=s brother testified that he awoke
during the night of the assault and saw his father on top of his sister.  He stated that he heard appellant tell his
sister to take off her shirt, and appellant then covered his head with the bed
sheet.  Complainant=s brother also testified that he
heard his sister tell appellant to stop what he was doing and leave her alone,
and Ato get off of [her].@ 
He stated he did not hear anything else.

Appellant
claims his son=s testimony is inconsistent with the
alleged assault because his son could not have overheard only two of the
statements allegedly made by the complainant during the assault.  Specifically, appellant argues, AIt is not within the realm of
possibility that a six year old could have endured penetration of her sexual
organ and her anus by the penis of a grown man and not make a sound, even if
the penetration was slight.@  Appellant theorizes
that rather than observing a sexual assault in progress, his son merely
witnessed a father dealing with a child who was experiencing a nightmare or had
wet the bed.  There is, however, no
evidence to support appellant=s theory. 

There
was no testimony that appellant was aiding his daughter because she had a
nightmare or wet the bed.  Defense
counsel did not explore this line of questioning, and it was not a theory of
appellant=s defense.  Likewise, during the testimony of appellant=s son, neither side questioned him on
the subject.  The complainant=s testimony evidenced her father=s placement of his mouth on her
vagina and his penetration of her vagina and anus.  The State was not required to prove that
complainant screamed out during the assault. 
See Tex. Pen. Code Ann.
' 22.021 (Vernon 2004).  As there is no evidence to support appellant=s theory, it is nothing more than
conjecture. 

Appellant
also challenges the testimony of complainant=s mother, Liliana Garcia, suggesting
she did not want the case prosecuted because the allegations were false.  In support of this claim, appellant contends
that Liliana=s testimony was inconsistent with
that of Houston Police Child Abuse Investigator Julie Anderson.  In his brief, appellant states Liliana Atold the jury she was in contact with
the police all the time@ after she learned of the assault.  Appellant argues this statement conflicts
with Officer Anderson=s testimony that Liliana was difficult to contact in the
months following appellant=s arrest.  This alleged
conflict is not, however, borne out by the testimony of Liliana or Officer
Anderson. 








Nowhere
in the record does Liliana state that she was in contact with the police Aall the time.@ 
Although Liliana testified that she spoke to Officer Anderson, the
number of times they actually spoke was not discussed.  Officer Anderson testified that she attempted
to contact Liliana by phone, but Liliana did not return some of the calls.  However, Liliana testified she was not aware
Officer Anderson was leaving messages and that she made efforts to return each
of Officer Anderson=s calls promptly. 
Officer Anderson also stated that her investigation of the assault was
standard; there was nothing unusual about it nor the length of time it took to
complete.  Thus, the record does not
support the conflict alleged by appellant.

Appellant
also accuses Liliana of fabricating the incident in order to continue receiving
money from the Crime Victim=s Compensation Fund. 
Dene Edmiston, a counselor at the Bay Area Women=s Center, testified that she
counseled appellant=s daughter approximately once a week from October 2002 until
July 2003.  Edmiston testified that in
March 2003, the Women=s Center sent a letter on behalf of appellant=s daughter, recommending that she be
compensated as a crime victim.  However,
the record does not reveal the amount the complainant=s family received, if any.  In fact, in her testimony, Ms. Edmiston merely
stated that there was Asomething in [complainant=s] file advising the child that she might
get compensation as a victim of [a] crime.@ (Emphasis added).  Because nothing in the record indicates
complainant actually received any compensation, appellant=s claim that Liliana had a financial
motivation to prosecute the claim is speculative.








Appellant
next claims that the testimony of Dr. Erin Endom, a pediatric emergency
physician, contradicts the State=s evidence.  Dr. Endom examined appellant=s daughter five days after the
assault and testified that complainant=s genitalia and anus appeared  normal, with no signs of trauma.  Appellant fails to consider, however, the
remainder of Dr. Endom=s testimony, in which she stated that it is Anot surprising@ to find a sexual abuse victim with
no signs of trauma.  After testfying that
she had examined over 2,000 child-victims of sexual abuse, Endom stated that 77
percent of children who have been sexually abused have normal physical and
genital examinations.  Indeed, an absence
of medical evidence of the assault does not make the evidence
insufficient.  See Gonzales v. State,
748 S.W.2d 510, 512 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d) (sustaining appellant=s conviction for sexual assault
despite the absence of medical evidence corroborating complainant=s testimony). 

During
its case-in-chief, the defense relied on the testimony of appellant=s brothers and one of his coworkers
to dispute the date on which the assault occurred.  Appellant=s brothers testified that they picked
up appellant=s son at his mother=s house the morning of April 1,
2001.  Therefore, appellant argues that
his son could not have awoken during the night to witness the alleged assault
because he spent the night at his mother=s. 
Defense counsel bolstered this date-specific theory with the testimony
of Humberto Pena, appellant=s coworker.  Pena
testified that he was with appellant the night of March 31 and the two were out
until the early morning hours of April 1. 
Appellant suggests this testimony defeats the State=s case because Athe State=s proof rested on this alleged
assault occurring on a certain date, the evening of March 31st/April 1st of
2001.@ 
However, appellant=s claim that the State=s case is tied to an exact date is
incorrect.








Here,
the indictments state the assaults occurred Aon or about@ April 1, 2001.  This language relieves the State of the
burden of proving an exact date on which the crime occurred; it must prove only
that the crime occurred before the date of the indictment and within the
limitations period.  Sledge v. State,
953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (stating that the Aon or about@ language allows the State to prove a
date other than the one alleged in the indictment, as long as the date is prior
to the presentment of the indictment and within the limitations period). Appellant
concedes in his brief that A[t]his is not an argument about the statute of limitations.@ 
It is, according to appellant, Aan argument about the plausibility of
the case presented by the State.@ 
While the evidence may have been contradictory as to whether the
children spent the night with their father on March 31, 2001, it was the jury=s responsibility to resolve this
conflict.  See Herrero v. State,
124 S.W.3d 827, 834 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  The jury was free to believe the children=s testimony and disregard the
controverting testimony of appellant=s brothers and Pena.  Barnes v. State, 876 S.W.2d 316, 321
(Tex. Crim. App. 1994) (noting the jury exclusively judges the credibility of
witnesses and the weight to be given their testimony).  This court will not reverse a conviction
merely because the jury resolved a conflict in evidence against appellant.  Herrero, 124 S.W.3d at 834.

In
sum, viewing the evidence in a neutral light, we cannot say that the State=s evidence, taken alone, is so weak
that the jury could not find defendant guilty beyond a reasonable doubt, nor is
the evidence of guilt so weak that when weighed against the contrary evidence
it renders the State=s burden of proof beyond a reasonable doubt
unattainable.  Zuniga, 144 S.W.3d
at 484B85. 
Appellant=s first issue is overruled.

B.        Ineffective Assistance of Counsel

In
his second issue, appellant claims his trial counsel was ineffective by failing
to call an expert witness to testify about the suggestibility of child
witnesses in abuse cases, Aespecially as that topic relates to people involved in a
divorce or custody battle.@  Appellant argues this
error was crucial and cannot be dismissed as trial strategy.

Our
analysis of counsel=s effectiveness is governed by the Strickland test
promulgated by the United States Supreme Court in Strickland v. Washington,
466 U.S. 668 (1984).  In order to
demonstrate trial counsel was ineffective, appellant must first show that
counsel=s performance was so deficient that
it fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  Second,
appellant must prove that prejudice resulted from the deficiency.  Id. 
In proving prejudice, the record must show a reasonable probability
that, but for counsel=s error, the outcome of the trial would have been
different.  Id.








Appellant
bears the burden of proving counsel=s ineffectiveness by a preponderance
of the evidence.  Thompson, 9
S.W.3d at 813.  In our review, we indulge
a strong presumption that counsel=s actions were motivated by sound
trial strategy, and we will not conclude the action was deficient unless it was
so outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  A claim of
ineffective assistance of counsel cannot be upheld where the record contains no
specific explanation for counsel=s actions.  Bone v. State, 77 S.W.3d 828, 830
(Tex. Crim. App. 2002).

Here, the record reveals no reason
for trial counsel=s failure to employ an expert on the reliability of
child-witness testimony.  Appellant
argues that given the weakness of the State=s case and its reliance on the
testimony of the child witness, it was necessary to employ an expert.  Nevertheless, when faced with a silent
record, this court will not speculate as to why trial counsel chose not to
employ an expert witness.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Thus, appellant has failed to meet the first
requirement of Strickland by showing his trial counsel=s actions fell below an objective
standard of reasonableness.  See Bone,
77 S.W.3d at 835 (stating that ineffective assistance of counsel claims cannot
be the result of retrospective speculation, they must be firmly founded in the
record).  Accordingly, appellant=s second issue is overruled.  

For the foregoing reasons, the judgment of the trial court is
affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 14, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The Texas
Penal Code defines the crime of aggravated sexual assault of a child as
follows:

 

(a) A person commits an offense:

(1) if the person:

(A) intentionally or knowingly:

(i) causes the penetration of the anus or sexual organ
of

another person by any means, without that person=s consent;

. . . 

(iii) causes the sexual organ of another person,
without that                                           person=s
consent, to contact or penetrate the mouth, anus,                                      or sexual organ of another
person, including the actor; or

 . . . 

(2) if: . . .

(B) the victim is younger than 14 years of age; . . .
.

 

Tex. Pen. Code Ann. ' 22.021(a) (Vernon 2004).