Affirmed and Memorandum Opinion
filed January 5, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01021-CR



Otoniel Rangel, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 209th District Court

Harris County, Texas

Trial Court
Cause No. 1140620



 

MEMORANDUM OPINION 

Appellant, Otoniel Rangel, appeals his conviction for
assault on a family member, claiming in a single issue that the evidence is
legally insufficient to support the jury’s verdict.  We affirm.

BACKGROUND

This case arises from an altercation between
appellant and his estranged wife, the complainant.  On the morning of November
7, 2007, appellant arrived at the complainant’s trailer house uninvited. 
Appellant tried to open the front door to enter the house, but it was locked. 
As appellant was attempting to open the front door, his and the complainant’s
younger son, P.R., heard the doorknob moving and observed appellant through the
peephole trying to open the door.  P.R. hurriedly found the complainant and told
her that appellant was at the front door.  The complainant then went to the
front door, looked through the peephole, and observed appellant trying to force
the locked front door open.  Despite the complainant’s attempts to keep
appellant out of the house, he was able to force the door open by breaking the
door frame.  Upon appellant’s entering the home, he stepped into the living
room, and the complainant asked appellant to leave.  He refused.  The two had a
brief argument, which escalated when appellant threatened to kill the
complainant.   

The complainant told P.R. to get his older brother,
E.R., who was sleeping in another room in the home.  P.R. complied, and as E.R.
entered the living room, appellant locked the front door and said “just . . .
call the cops because [I am] going to kill her.”  Appellant said again “I’m
going to kill your mother,” then pulled a knife from his back pocket and
stepped towards the complainant.  Frightened, the complainant stepped back, and
P.R. stepped in front of the complainant.  E.R. then stepped in front of
appellant and grabbed his wrist.  E.R. was able to force the knife from
appellant’s grip, causing the knife to fall to the floor.  Appellant then
retrieved the knife and placed it back in his pocket.  Appellant kissed the
complainant, hugged his two sons, and then left the home.

Appellant was later charged with second-degree felony
aggravated assault against a family member.  After a jury trial, appellant was
found guilty as charged in the indictment and sentenced to 16 years in prison. 
On appeal, appellant contends that the evidence is legally insufficient to
support the jury’s finding that he exhibited a deadly weapon.

STANDARD OF REVIEW

            In
a legal sufficiency review, we view all the evidence in the light most
favorable to the verdict and determine whether a rational jury could have found
the defendant guilty of all the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Williams v.
State, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
to their testimony.  Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim.
App. 2008).  Reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Cleburn v. State, 138 S.W.3d 542, 544
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).   We must resolve any
inconsistencies in the testimony in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

ANALYSIS

            A
person commits the offense of assault if he:  (1) intentionally, knowingly, or
recklessly causes bodily injury to another; (2) intentionally or knowingly
threatens another with imminent bodily injury; or (3) intentionally or
knowingly causes physical contact with another when he knows or reasonably
should believe that the other will regard the contact as offensive or
provocative.  Tex. Penal Code § 22.01(a).   Assault, generally a misdemeanor
offense, is enhanced to the felony offense of aggravated assault when either a
serious bodily injury is inflicted, or when a deadly weapon is used or
exhibited during the assault.  See id. §§ 22.01(b), 22.02(a)-(b). 
Appellant disputes neither that he threatened the complainant with bodily
injury nor that the threat was made intentionally or knowingly.  Rather,
appellant’s sufficiency argument challenges the deadly-weapon evidence
aggravating the assault charge.  Appellant claims that the evidence is legally
insufficient on the deadly weapon finding because there is no evidence as to
the distance between him and the complainant at the time of the assault and
there is no evidence as to the size of the knife.  Appellant further contends
that the evidence does not support a deadly weapon finding because the
complainant suffered no physical injury.             

            A
“deadly weapon” is (1) a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury; or (2)
anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.  Id. § 1.07(a)(17).  When, as here,
there is no actual physical injury alleged to have been caused by the knife,
the State is required to show the knife’s capacity to cause death or serious
bodily injury by either showing the manner of its use, the size of the blade,
threats made by the accused, or the physical proximity between the accused and
the victim.  Soto v. State, 864 S.W.2d 687, 691 (Tex. App.—Houston [14th
Dist.] 1993, pet. ref’d).  Furthermore, evidence of the size of the blade, the
blade’s sharpness, the use of any brandishing motions, or the victim’s fear of
serious bodily injury or death may prove a knife’s capacity to cause death or
serious bodily injury.  Tisdale v. State, 686 S.W.2d 110, 111 (Tex.
Crim. App. 1984); Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App.
1983).  

            Although
appellant is correct that the written record is unclear as to the precise size
of the knife, at trial before the jury, the complainant demonstrated the size
of the knife with hand gestures.  Likewise, the written record is unclear as to
the exact distance between appellant and the complainant, but P.R. physically
demonstrated to the jury the proximate distance between appellant and the
complainant during the incident.  We view this demonstrative evidence in the
light most favorable to the jury’s verdict.  See Williams, 270
S.W.3d at 142.  Furthermore, the record contains other evidence sufficient to
prove that appellant used the knife as a deadly weapon.  Specifically, the
record reflects that appellant arrived at the complainant’s house uninvited. 
When the complainant refused to allow appellant into the house, he forced the
locked front door open by breaking the door frame.  The complainant testified
that appellant appeared angry when he broke into the house.  The complainant then
repeatedly asked appellant to leave, but he refused and began an argument with
the complainant.  Appellant then threatened to kill the complainant and told
his sons to call the police.  

            As
appellant made his death threats, he started to reach for a knife in his back
pocket, but before doing so, he closed the door behind him and locked it. 
Appellant then pulled the knife from his pocket, held the knife in the air at
eye level with the blade facing the complainant, and stepped towards her.  As
appellant brandished the knife, he threatened to the kill the complainant.  The
complainant testified that appellant was looking directly at her when he made
the death threat.  Moreover, the complainant and her two sons all testified
that they feared for the complainant’s life and believed that appellant was going
to kill the complainant.  Viewing the evidence in the light most favorable to
the verdict, we hold the evidence is legally sufficient to support the jury’s
finding that the knife was used as a deadly weapon.             We overrule
appellant’s sole issue and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).