Affirmed and Memorandum Opinion
filed April 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00931-CR



Jesse Marron, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 351st District Court

Harris County, Texas

Trial Court
Cause No. 1140332



 

M E M O R A N D U M   O P I N I O N


Appellant, Jesse Marron, was found guilty by a jury
of felony third-offender driving while intoxicated (“DWI”).  After finding two punishment
enhancement paragraphs true, the trial court sentenced appellant to life in
prison.  In four issues, appellant challenges the sufficiency of the evidence
(1) to prove that he had been convicted of two prior DWI offenses used to
enhance the charge to felony DWI and (2) to support his felony DWI conviction on
the element of intoxication.  We affirm.    

I.  BACKGROUND

On November 5, 2007, Deputies Alan Whitlock and
Leonard Gonzalez of the Harris County Sheriff’s Department were driving
eastbound on Spindle Street, when Deputy Whitlock observed appellant—traveling
westbound in an opposite lane of traffic—swerve into the deputies’ lane of
traffic.  The deputies’ vehicle was nearly forced completely off the street.  Deputy
Arthur Ramirez, who was following Deputies Whitlock and Gonzalez in a separate
unit, also observed appellant cross over into the opposite lane of traffic into
the deputies’ lane.  Deputy Ramirez activated his emergency equipment and proceeded
to initiate a traffic stop.  Deputies Whitlock and Gonzalez followed Deputy
Ramirez.  

Deputy Ramirez stopped appellant in a nearby
neighborhood.  Appellant almost immediately exited the vehicle, and Deputy Ramirez
observed appellant having difficulty standing: appellant was swaying and had to
use the side of his vehicle to maintain his balance.  Deputies Whitlock and
Gonzalez also observed appellant’s “very” unsteady balance.  Deputy Ramirez approached
appellant, who became belligerent with the deputies.  Appellant waved his arms
in “an aggressive manner” and yelled at the deputies.  Deputy Whitlock smelled
a strong odor of alcohol emitting from appellant’s breath and person.  Appellant’s
eyes were red, watery, and bloodshot.  His speech was also slurred. 

Based on their observations, the three deputies believed
that appellant was intoxicated and arrested him for DWI.  The deputies then inventoried
appellant’s vehicle and discovered two beer cans: one opened, one closed, and
both cold to the touch.  The opened beer can was on the driver’s side of the
vehicle; the closed can of beer was on the front passenger’s side.  Appellant
was transferred to the police station where he was asked to perform a number of
field sobriety tests; he agreed to perform only the Horizontal Gaze Nystagmus (“HGN”)
test.  Deputy Raymond Parker conducted the HGN test and observed five of the
six clues, indicating that appellant was legally intoxicated. 

Appellant was indicted for DWI, which was enhanced
for purposes of jurisdiction to a felony by allegations of two prior DWI
convictions: the first in 1993 and the second in 1994.  In addition, for
purposes of punishment enhancement, the indictment alleged habitual offender
status based on two prior felony convictions for rape and aggravated assault. 
Appellant pleaded not guilty to the felony DWI charge and pleaded not true to the
enhancement paragraphs.  A jury ultimately found appellant guilty of felony third-offender
DWI.  Upon finding the habitual offender punishment enhancements true, the
trial court assessed punishment at life in prison.

On appeal, appellant raises four sufficiency issues:
(1) the evidence is insufficient to prove that appellant was the individual
convicted of the 1993 DWI alleged in the indictment; (2) the evidence is
insufficient to prove that appellant was the individual convicted of the 1994
DWI alleged in the indictment; (3) the evidence is legally insufficient to
support appellant’s felony DWI conviction on the element of intoxication; and
(4) the evidence is factually insufficient to support appellant’s felony DWI
conviction on the element of intoxication.

II.  STANDARD OF REVIEW

            In
a legal sufficiency review, we view all the evidence in the light most
favorable to the verdict and determine whether a rational jury could have found
the defendant guilty of all the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Williams v.
State, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
to their testimony.  Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim.
App. 2008).  Reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Cleburn v. State, 138 S.W.3d 542, 544
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).   We must resolve any
inconsistencies in the testimony in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

            In
a factual sufficiency review, we review all the evidence in a neutral light,
favoring neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury’s
verdict seems clearly wrong and manifestly unjust, or (2) whether, considering
the conflicting evidence, the jury’s verdict is against the great weight and
preponderance of the evidence.  Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006); Watson, 204 S.W.3d at 414–17.  We cannot declare
that a conflict in the evidence justifies a new trial simply because we
disagree with the jury’s resolution of that conflict.  Watson, 204
S.W.3d at 417.  If an appellate court determines that the evidence is factually
insufficient, it must explain in exactly what way it perceives the conflicting
evidence greatly to preponderate against conviction.  Id. at 414–17; Rivera-Reyes
v. State, 252 S.W.3d 781, 784 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  The reviewing court’s evaluation should not intrude upon the fact-finder’s
role as the sole judge of the weight and credibility given to any witness’s
testimony.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

III. JURISDICTIONAL ENHANCEMENTS

In appellant’s first and second issues, he contends
that the State did not prove him to be the person convicted of the two prior
DWIs alleged in the indictment.  A person commits the crime of DWI if he “is
intoxicated while operating a motor vehicle.”  Tex. Penal Code § 49.04(a).  Driving
while intoxicated is ordinarily a Class B misdemeanor.  Id. § 49.04(b). 
Misdemeanor DWI may be enhanced to a third-degree felony if the state shows that
the person has previously been convicted two times of an offense relating to
operating a motor vehicle while intoxicated.  Id. § 49.09(b).  The prior
intoxication convictions are elements of the felony DWI offense.  Gibson v.
State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).  To establish that a
defendant has been convicted of a prior offense, the State must prove beyond a
reasonable doubt that (1) a prior conviction exists; and (2) the defendant is
linked to that conviction.  Flowers v. State, 220 S.W.3d 919, 921 (Tex.
Crim. App. 2007).  

To prove appellant was the same person convicted of
the 1993 and 1994 DWI offenses alleged in the indictment, the State offered
five documentary exhibits—a jail card, two fingerprint cards, and two judgments—and
the testimony of Juan Melo and Dimitry Payavla from the Harris County Sheriff’s
Department.  The jail card, State’s exhibit 1, contained identifying
characteristics, including fingerprints, for a “Jesse Marrone” a/k/a “Joe
Marrone.”  The jail card reflected that the individual was convicted of two
DWIs in cause numbers 9404881 and 9321643.  Appellant argues that the State
failed to prove him to be the same individual as “Jesse Marrone” a/k/a “Joe
Marrone” identified on the jail card because appellant’s name is spelled “Jesse
Marron.”  However, Payavla, a fingerprint examiner for Harris County Sheriff’s
Department, testified that he had had the opportunity to take appellant’s
fingerprints at trial in the instant cause—State’s exhibits 4 and 5—and that
appellant’s fingerprints on State’s exhibits 4 and 5 matched the fingerprints
on the jail card.  Accordingly, the State sufficiently proved that appellant
was the same individual identified on the jail card.

Furthermore, the jail card reflected that appellant
was convicted of two DWIs in cause numbers 9404881 and 9321643.  State’s exhibit
2—a judgment in cause number 9321643 convicting a “Joe Marrone” of DWI—and 
State’s exhibit 3—a judgment revoking probation in cause number 9404881 against
“Jesse Marrone” for DWI—were admitted.  The judgments reflected DWI convictions
on October 7, 1993 and March 7, 1994.  After comparing the cause numbers on the
jail card to the cause numbers on the two judgments, Payavla testified that
they relate to the same DWI offenses.  Appellant, however, contends that the judgments
in cause numbers 9404881 and 9321643 were not sufficient to prove that he was
the same individual convicted in those causes because (1) his name was not
spelled correctly on the judgments, (2) the fingerprints on one of the
judgments were smeared, (3) Payavla did not compare the jail card fingerprints
to the prints on the judgments, and (4) the second judgment was not the final
judgment but a “judgment revoking probation.”

While evidence of a certified copy of a final
judgment and sentence may be a preferred and convenient means of proving prior
convictions, the State may prove the existence of a prior conviction and the
defendant’s identity as the person convicted in a number of ways: (1) the
defendant’s admission or stipulation, (2) testimony by a person who was present
when the person was convicted of the specified crime and can identify the
defendant as that person, or (3) documentary proof that contains sufficient
information to establish both the existence of a prior conviction and the
defendant’s identity as the person convicted.  Flowers, 220 S.W.3d at
921–22.  Moreover, there is no “best evidence” rule in Texas requiring that the
fact of a prior conviction be proven with any document, much less any specific
document; any type of evidence, documentary or testimonial, might suffice.  Id.


Here, Payavla compared appellant’s fingerprints taken
at trial to the fingerprints on the jail card.  Payavla testified that the
fingerprints taken at trial from appellant matched the fingerprints on the jail
card.  Accordingly, the fingerprint comparison proved that appellant was the
same individual identified on the jail card.  Furthermore, the jail card
reflected that appellant had been twice convicted of DWI in cause numbers
9404881 and 9321643.  Two judgments in these causes were admitted, reflecting
that the defendant in those causes had in fact been convicted of DWI.  Although
the State did not admit the final judgment for the 1994 conviction and the
State did not compare the prints on either judgment to the jail card
fingerprints, the State was not necessarily required to do so to meet its
burden in light of other documentary evidence and Payavla’s testimony.  The
jail card, appellant’s trial fingerprint cards, the two judgments in cause
numbers 9404881 and 9321643, and Payavla’s testimony sufficiently showed two
convictions existed and appellant was the individual convicted of those
offenses.  

Appellant also argues that by not introducing the
mandates in cause numbers 9404881 and 9321643, the State failed to prove that
the prior DWIs were final.  Appellant’s argument is without merit.  After the
State establishes a defendant has been previously convicted, the appellate
court must presume that the conviction was final when faced with a silent
record regarding such.  Jones v. State, 77 S.W.3d 819, 823–24 (Tex.
Crim. App. 2002); Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim.
App. 1982).  As discussed above, the State  proved with legally and factually sufficient
evidence that appellant was previously convicted of two DWIs.  Moreover, there
is nothing in the record before us establishing that appellant appealed those
convictions or otherwise challenged them.  See Jones, 77 S.W.3d at 824
(“Only when there is evidence that the defendant actually perfected an appeal
is the conviction deemed to be lacking finality.”).  Accordingly, appellant has
failed to overcome the presumption of finality.  See id.  We overrule
appellant’s first and second issues.[1]

IV.  SUFFICIENCY ON APPELLANT’S FELONY DWI CONVICTION  

In appellant’s third and fourth issues, he contends
that the evidence is legally and factually insufficient to support his
conviction. Specifically, appellant
contends that the evidence is insufficient on the element of intoxication.  The
term “intoxicated” means not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body or having an
alcohol concentration of 0.08 or more.  See Tex. Penal Code § 49.01(2). 
Because appellant did not submit to any scientific method of determining his
level of alleged intoxication, the State’s theory of prosecution was that appellant
had lost the normal use of his mental or physical faculties as set forth in
section 49.01(2)(A).  See id.  

At trial, Deputies Whitlock and Ramirez testified
that they observed appellant driving erratically, swerving into the deputies’
lane of traffic and nearly forcing the deputies’ vehicle off the road. 
Furthermore, Deputy Ramirez testified that when he stopped appellant, he
observed appellant having difficulty standing upon exiting his vehicle:
appellant was swaying and had to use the side of his vehicle to maintain his
balance.  Deputies Whitlock and Gonzalez also testified that they observed
appellant’s “very” unsteady balance.  Appellant became belligerent with the
deputies after the traffic stop, waving his arms in “an aggressive manner” and
yelling at the deputies.  Deputy Whitlock smelled a strong odor of alcohol
emitting from appellant’s breath and person.  Appellant’s eyes were red,
watery, and bloodshot.  His speech was also slurred. 

Additionally, when the deputies inventoried
appellant’s vehicle, they discovered two beer cans cold to the touch—one
opened, one closed.  The opened beer can was on the driver’s side of the
vehicle, and the closed can was on the front passenger’s side.   The deputies’ testimony of appellant’s erratic driving, difficulty in exiting his car, slurred
speech, blood-shot eyes, unsteady balance, and smell of alcohol all establish
that appellant’s mental and physical faculties were impaired.  See Annis v.
State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (stating an officer’s
testimony that a person was intoxicated provided sufficient evidence to
establish the element of intoxication); Henderson v. State, 29 S.W.3d
616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (stating the
testimony of a police officer that an individual is intoxicated is probative
evidence of intoxication).  Furthermore, the results of the HGN test indicated appellant was intoxicated.  See Emerson v. State, 880 S.W.2d
759, 768–69 (Tex. Crim. App. 1994) (reasoning that the HGN is a highly reliable
indicator of intoxication).  

Appellant attempted to rebut the deputies’ testimony with the testimony of his common law wife, Bonnie Grimes.  Grimes testified that
appellant’s eyes were frequently red because he worked at an automobile body
shop.  Grimes testified that appellant’s speech was naturally slurred due to a
speech impediment and a previously broken jaw.  Grimes testified that appellant
had an unsteady balance because he had recently suffered a foot injury.  He
underwent surgery and was required to wear an orthopedic boot.  The State
attempted to challenge Grimes’s testimony: on cross examination, Grimes
testified that she could not recall the name of appellant’s doctor or the name
or location of the doctor’s office.  Grimes also did not have any documentation
evidencing appellant’s alleged foot injury.  Moreover, Deputy Ramirez testified
that appellant never complained about pain in his leg or foot, and although
appellant told Deputy Whitlock he had a broken foot, Deputy Whitlock observed
no evidence of a foot injury.  Deputy Whitlock testified that he did not
observe appellant wearing a foot cast and that appellant did not appear to be
in pain.  Similarly, Deputy Gonzalez testified that he did not observe a cast
or orthopedic boot and that appellant did not appear to be in pain when he
walked.  

At trial, the jury was entitled to judge the
credibility of the witnesses and choose to believe all, some, or none of the
testimony of the witnesses.  See Markey v. State, 996 S.W.2d 226,
230 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  The jury in this case was
presented with the State’s documentary evidence and testimony from the deputies
and Grimes.[2] 
It was within the jury’s exclusive province to reconcile the conflicting
evidence.  Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
Apparently, the jury chose to believe the deputies’ testimony rather than
Grimes’s testimony. We find the evidence to be legally and factually sufficient
to support appellant’s conviction and overrule appellant’s third and fourth
issues.  

Having overruled all of appellant’s issues, we affirm
the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Anderson, and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

*  Senior Justice Margaret Garner
Mirabal sitting by assignment.









[1]
Appellant also argues that the first DWI conviction was not final before the
second DWI was committed.  However, appellant misreads the judgments.  The judgment
in cause number 9321643 reflects that appellant’s probation was revoked on
March 16, 1994, but he was originally convicted of the offense in
the cause on October 7, 1993.  The judgment in cause number 9404881 reflects
that appellant was subsequently convicted on March 7, 1994.  Thus, the
judgments reflect that appellant was convicted in cause number 9404881 on
October 7, 1993 and subsequently convicted in cause number 9321643 on March 7,
1994.





[2]
The State introduced the videotape recording of appellant in a jail detention
room after his arrest.  It is unclear from the recording as to whether
appellant was wearing an orthopedic boot or foot cast.