Reversed and Acquitted and Opinion filed August 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00187-CR



alan Joel
Geick, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 155th District Court

Austin County, Texas

Trial Court
Cause No. 2005R-0115



 

O P I N I O N 

Appellant, Alan Joel Geick, appeals his felony theft
conviction for which he was sentenced to three years in prison.  In five
issues, appellant contends that (1) the evidence is legally and factually
insufficient to support his conviction and (2) the trial court erred in
admitting extraneous-acts evidence—photographs of other stolen property—and character
conformity evidence—a prior assault conviction.  We reverse and render a
judgment of acquittal.

I.  BACKGROUND

In December 2004, a bulldozer was stolen from
a construction site in Harris County.  Harris County investigators later
received a tip regarding the stolen bulldozer and forwarded the tip to Sergeant
Cheryl Steadman of the Texas Department of Public Safety.  The tip led Sergeant
Steadman to a residence in Austin County.  When Sergeant Steadman arrived at
the residence, she was met by local Austin County law enforcement.  The
residence was located in a slightly secluded neighborhood, surrounded by trees
and bushes.  As Sergeant Steadman approached the property, she observed several
pieces of equipment in plain view, including trailers and all-terrain
vehicles.  Sergeant Steadman obtained consent to search the property from the
property owners, Glenn and Joeline Geick.  The Geicks are appellant’s parents. 
During the search, law enforcement recovered the stolen bulldozer and other
stolen equipment—lawn mowers, trailers, all-terrain vehicles, and tractors. 
The extraneous stolen property had been taken from several surrounding
counties, including Harris, Montgomery, and Waller counties.

Appellant was subsequently charged by felony
indictment with theft of the bulldozer; he was not charged with theft of the
other stolen equipment.  The indictment charged appellant as follows:

ALAN JOEL GEICK

[O]n or about DECEMBER, 2004, and before the
presentment of this indictment, in Austin County, Texas, did then and there
unlawfully appropriate, by acquiring or otherwise exercising control over
property, to-wit: Dozer, of the value of $20,000.00 or more but less than
$100,000.00 from F. Phillips, the owner thereof, without the effective consent
of the owner, namely, by deception, with intent to deprive the owner of the
property, against the peace and dignity of the State.

Appellant pleaded not guilty to the indictment and
elected for a jury determination of guilt or innocence.  Prior to and during
trial, appellant moved to exclude any evidence of the extraneous stolen
property for which he had not been charged.  The trial court denied appellant’s
objections and admitted evidence of the extraneous stolen property.  At trial,
the State presented testimony from Sergeant Steadman, two of the Geicks’
neighbors (Duane Joslin and Alex Wellborn), and the owner of the bulldozer
(Flavil Wayne Phillips).  Appellant and his wife, Ashley Geick, testified for the
defense.  

Sergeant Steadman testified that she received a tip
from Harris County law enforcement regarding the stolen bulldozer.  She
followed the tip to the Geicks’ residence in Austin County.  When she arrived
at the property, Sergeant Steadman obtained consent from the Geicks, the
landowners, and recovered the stolen bulldozer, along with several other pieces
of stolen property.  The license plate on Alan Geick’s truck had been removed
and placed on one of the stolen trailers.  Joslin and Wellborn testified that they
observed appellant operating the stolen bulldozer.  Phillips testified that the
bulldozer had been stolen from his business, a construction site, and he not did
give appellant or anyone else consent to remove the bulldozer from his
property.  

Appellant testified he did not know that the
bulldozer and other equipment recovered from his parents’ property were
stolen.  Appellant testified that he purchased the bulldozer for $6,000.00, in
cash installments, from his friend’s father, but did not have a receipt or any other
form of documentary evidence confirming the purchase.  Appellant’s friend,
Nathan Fox, had been charged with theft of the stolen all-terrain vehicle
recovered from the property.  Appellant further testified that he allowed his
friend to store a stolen cargo trailer on his parents’ property but did not
know that the trailer was stolen.  Appellant acknowledged that he removed the
license plate from his father’s truck and placed it on one of the stolen
trailers.  Appellant claimed that he needed to use the trailer one weekend and
did not have valid license plates for the trailer.  But appellant testified
that he did not know the trailer was stolen.  Appellant’s wife testified that
appellant purchased the bulldozer from the father of appellant’s friend and,
contrary to appellant’s testimony, she and appellant had receipts for the
purchase.  

 

At the conclusion of the evidence, the jury was
charged, in the abstract portion of the charge, as follows:

[A] person commits the offense of theft if he unlawfully
appropriates property with intent to deprive the owner of such property.

.   .   .

“Effective consent,” includes consent by a person legally
authorized to act for the owner. Consent is not effective if induced by
deception or coercion or given by a person the actor knows is not legally
authorized to act for the owner.

Furthermore, the application portion of the charge instructed
the jury:

Now, if you find from the evidence beyond a reasonable
doubt that on or about JANUARY 15, 2005, in Austin County, Texas, the
defendant, ALAN JOEL GEICK, did intentionally or knowingly appropriate, by
acquiring or otherwise exercising control over property, to-wit: bulldozer, of
the aggregate value of more than $20,000.00 and less than $100,000.00, from F.
PHILLIPS, the owner thereof, without the effective consent of the owner, with
intent to deprive the owner of the property, then you will find the defendant
guilty of theft as charged in the indictment.

Although the indictment specifically alleged that
appellant committed theft by only one means—deception—the jury charge alleged
two means for committing theft:  (1) consent was induced by deception or
coercion or (2) consent was given by a person whom the actor knew was not
legally authorized to act for the owner.  Neither party objected to the
variance between the indictment and jury charge.  The jury found appellant
guilty as charged “in the indictment,” and punishment was assessed at three
years in prison and a fine of $10,000.  

Appellant raises five issues on appeal.  In his first
issue, appellant contends that the evidence is legally insufficient to support
his theft conviction on the element of deception.  In appellant’s second and
third issues, he argues that the evidence is legally 

 

and factually insufficient on
the element of intent.  In his fourth issue, appellant alleges that the trial
court erred in admitting evidence of the extraneous stolen property.  In
appellant’s fifth issue, he contends that the trial court erred by admitting
evidence of his prior assault conviction.

II. THEFT BY DECEPTION

In appellant’s first issue, he maintains that the
State failed to prove the offense as alleged in the indictment.  Appellant
contends that because the indictment alleged only one means of committing theft—consent
induced by deception—the State was required to prove that particular means. 
Appellant argues that because there is no evidence of deception, the evidence
is legally insufficient to sustain his conviction.  The State responds by
arguing it was not required to prove theft by deception.  As a threshold matter
to appellant’s legal sufficiency challenge, we must determine whether the State
was required to prove theft as alleged in the indictment—that the consent was
induced by deception.  

The State contends that it was not required to prove
deception.  See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).  The State argues that once measured against the Malik standard,
the evidence in this case is legally sufficient to sustain appellant’s
conviction.  See id.  The State correctly cites Malik for the
proposition that the sufficiency of the evidence should be measured against a
hypothetically correct charge.  A hypothetically correct charge (1) accurately
states the law, (2) is authorized by the indictment, (3) adequately describes
the offense tried, and (4) does not increase the State’s burden of proof
unnecessarily.  Id.  The law as “authorized by the indictment” is the
statutory elements “as modified by the charging instrument.”  Golihar v.
State, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001) (quoting Curry v. State,
30 S.W.3d 394, at 404 (Tex. Crim. App. 2000)).  Thus, “a hypothetically correct
jury charge does not merely 

 

quote from the controlling
statute.”  Id.  “[W]hen the controlling statute lists several
alternative acts intended by the defendant and the indictment limits the
State’s options by alleging certain of those intended acts, the hypothetically
correct charge should instruct the jury that it must find one of the intended
acts alleged in the indictment.  This is the ‘law’ ‘as authorized by the
indictment.’”  Id. at 254–55.  Likewise, when the statute defines
alternative methods of manner and means of committing an element and the
indictment alleges only one of those methods, “the law” for purposes of the
hypothetically correct charge, is the single method alleged in the indictment. 
Id. at 255.  

Here, the State could have indicted appellant in a
number of different ways describing the manner in which the theft had been
committed.  The State chose one: inducing consent by deception.  Because the
State chose that particular means, it was required to prove that method of
theft for conviction.  See id. at 254–55; see also Jacobs v.
State, 230 S.W.3d 225, 230 (Tex. App.—Houston [14th Dist.] 2006, no pet.)
(“Because the indictment alleges only one of [the theft] methods—theft by
deception—appellant could be convicted only if he committed theft by that
method.”).[1] 
Relying on Golihar and Jacobs, we conclude that the State was
required to prove appellant’s guilt of theft by deception as alleged in the
indictment and rendered by the jury.  46 S.W.3d at 254–55; 230 S.W.3d at 230.  We
now review the legal sufficiency of the evidence to support appellant’s theft
by deception conviction.

A.  Legal Sufficiency: Standard of Review

            In
a legal sufficiency review, we view all the evidence in the light most
favorable to the verdict and determine whether a rational jury could have found
the defendant guilty of all the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Williams v.
State, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
to their testimony.  Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim.
App. 2008).  Reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Cleburn v. State, 138 S.W.3d 542, 544
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  We must resolve any
inconsistencies in the testimony in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

B.  Legal Sufficiency: Evidence of Deception

A person commits theft if he unlawfully appropriates
property with intent to deprive the owner of property.  Tex. Penal Code §
31.03(a) (Vernon Supp. 2009).  Appropriation is unlawful if it is without effective
consent.  Id. § 31.03(b)(1).  As relevant to this case, consent is not
effective if induced by deception.  Id. § 31.01(3).  Deception means: 

(A) creating or confirming by words or conduct a false
impression of law or fact that is likely to affect the judgment of another in
the transaction, and that the actor does not believe to be true;

(B)  failing to correct a false impression of law or fact
that is likely to affect the judgment of another in the transaction, that the
actor previously created or confirmed by words or conduct, and that the actor
does not now believe to be true;

(C)  preventing another from acquiring information likely
to affect his judgment in the transaction;

.     .     .

(E)  promising performance that is likely to affect the
judgment of another in the transaction and that the actor does not intend to
perform or knows will not be performed, except that failure to perform the
promise in issue without other evidence of intent or knowledge is not
sufficient proof that the actor did not intend to perform or knew the promise
would not be performed.

Id. § 31.01(1).  While
the State’s evidence in this case demonstrated that appellant may have knowingly
possessed stolen property, there was no evidence that appellant engaged in
deception, as defined by the statute, in his possession of the bulldozer.  Namely,
there was no evidence that appellant acquired the bulldozer by either (1)
creating or confirming by words or conduct a false impression of law or fact
that affected another’s judgment in appellant’s acquisition of the bulldozer,
(2) failing to correct a false impression of law or fact affecting another’s
judgment in appellant’s acquisition of the bulldozer, (3) preventing another
from acquiring information likely to affect his judgment in appellant’s
acquisition of the bulldozer, or (4) promising performance that appellant did
not intend to perform or knew he would not perform that was likely to affect
another’s judgment in appellant’s acquisition of the bulldozer.  See id. 
Sergeant Steadman testified that the identifying information on the bulldozer
had not been altered and Phillips, the owner of the bulldozer, testified that
appellant made no representations or statements to him regarding the
bulldozer.  There simply is no evidence of deception. 

Although the theft statue under which appellant was
convicted provides alternative means and methods of committing theft, the
indictment alleged only one of those methods—theft by deception.  Thus, appellant
could be convicted only if he committed theft by that particular means.  See
Jacobs, 230 S.W.3d at 230.  Despite the State’s burden of proving the
indicted offense, the State’s evidence failed to prove deception.  Instead, the
State merely showed that appellant knowingly possessed stolen property, falling
short of its burden fashioned under the indictment.  Because the State failed
to prove that appellant appropriated the property by deception, the evidence is
legally insufficient to support appellant’s theft by deception conviction.  Accordingly,
we sustain appellant’s first issue.

 

 

Having sustained appellant’s legal sufficiency challenge,
we must acquit.  See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996); see also Jacobs, 230  S.W.3d at 232.  We therefore
reverse appellant’s conviction, dismiss the indictment, and render judgment of
acquittal.[2]
           

                                                                                                                                                                                                                                                /s/         Adele Hedges

                                                                        Chief
Justice

                                                                        

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Publish
— Tex. R. App. P. 47.2(b).









[1]
Furthermore, the jury found in its verdict that appellant was guilty of the
offense as charged in the indictment.  While the charge provided
an alternative means—consent was given by a person the actor knew was not
legally authorized to act for the owner—indictments that specify the manner and
means of committing an offense must be amended to rely on alternative means.  See
Rodriguez v. State, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (reversing
conviction “because the instruction . . . authorized a conviction on a theory
not alleged in the charging instrument”).  The indictment in this case was not
amended to add the alternative means.  Moreover, appellant does not challenge
the jury instruction.





[2]
Having rendered a judgment of acquittal, we do not reach appellant’s remaining
issues.